SURVIVOR—See Insolvent Estate 1.

## T.

TENANTS IN COMMON—See Division 1.

TENANTS AT WILL—See Trespass 2.

## TENDER.

**M'CONNEL** *against* **HALL.** *Rutland,* 1820.

WHERE a note is payable in collateral articles at a time and place specified in the

note, proof that the promissor had, at the time and place specified in the note for the payment thereof, the property on hand, and that he had prepared the same for the payment of the note, is not sufficient evidence of the fulfilment of the contract.

THIS was an action on note, as follows :

"*Clarendon, Nov.* 5, 1816.

"For value received I promise to pay William M'Connel, one two horse waggon, to be well made and ironed, to be worth sixty dollars, by the 15th day of April next, to be delivered at my store.

"CALEB HALL."

*Plea*—Non assumpsit.

On the trial, at September term, 1819, the defendant offered to prove, that at the time and place mentioned in the note, for the payment thereof, the defendant had a waggon *ready* to be delivered to the plaintiff agreeable to the terms aforesaid.

Plaintiff objected, but the evidence was admitted by the Judge.

The defendant then gave testimony to prove that, at the time specified in the note, for the payment thereof, he had, at his store, in Clarendon, two waggons, one of which he had made for the purpose of paying said note.

The Judge charged the Jury, that if they found, from the evidence, that the defendant had the property, i. e. the waggon *ready*, on the day, and at the place mentioned in the note, for the delivery thereof, and of the description specified, it would amount to a fulfilment of the contract on his part, unless the plaintiff had shewn a subsequent demand, and an unreadiness on the part of the defendant, to deliver the same. And that it was unnecessary for the defendant to shew that he turned out the waggon at the place, and on the day mentioned in the note, and caused the same to be appraised to the plaintiff.

Verdict for defendant.

Motion for new trial, founded on exceptions to the opinion and charge of the Judge.

In support of the motion, plaintiff contended : That in all contracts for the payment or delivery of any specific or partic-

that articles, it is incumbent on the person who is to make the payment or delivery, to perform the contract by delivering the particular articles at the place mentioned, if any place be fixed for the payment; and, that a mere readiness is not in any sense, a fulfilment of the contract; that the articles or property must be so delivered as to become the property of the person to whom the payment is to be made; and, that having "the property ready on the day, and at the place mentioned in the note for the delivery thereof, and of the description specified," would not amount to a fulfilment on the part of the defendant, as the Jury were charged; but, would only prove an *ability* in the defendant to perform the contract, without proving an intention, or even an attempt to perform the same; that it is the duty of all persons, making contracts, to perform the same if in their power, and it is clearly in the power of persons making contracts of the kind on which this suit is brought, to perform them, by delivering the property at the place specified; no precedent act is required of the person to whom the payment is to be made, to enable the person contracting, to perform on his part. 5 Johnson 119. 8 Johnson 474. Co. Lit. 207, 210. 2 Swift 403–4. 10 East 101, Thomas v. Evans.

If the property is delivered according to the contract, or tendered, the contract is discharged, and the property belongs to the person to whom it is delivered, or tendered.

In contracts for the payment of money, an actual offer, or tender of the money, must be made, and a mere readiness is not sufficient; in that case, the person making the tender must remain ready, at all times, to make the payment, and so plead, and bring the money into Court.

If the law is as stated in the charge, this plaintiff, and all others in like circumstances, will be wholly without remedy. The Judgment will be a bar to any other action on the *note;* the waggon having been neither tendered or delivered, the plaintiff can have no claim on *that,* but it still remains the property of the defendant.

2 E

*Contra.* For defendant : That in cases of contracts for the delivery of collateral articles, at a certain time and place specified, it is always competent for the party bound to deliver, to shew that he was *ready* at the time and place specified, to deliver, and that the opposite party was not present to receive. 1 Chitty 309.   1 Selwyn 127, 128.

In cases where it is necessary for the plaintiff to deliver collateral articles, at a time and place specified, in order to maintain his action, he may shew that he was ready, at the time and place, to deliver, and that the defendant was not present to receive, and shall recover in the action, for the non-performance on the part of the defendant, as clearly as though he had proven the articles delivered to the defendant, he being present, or that he had delivered them to the defendant, he being present, and refusing to receive them.

In this case the plaintiff had paid for the waggon, and defendant had become obligated to deliver it, at the time and place mentioned ; the defendant may shew a performance, or a readiness to perform, on his part, to *prevent* a recovery, precisely in the same manner, and by the same evidence, as the plaintiff may *support* his action, in cases where performance on his part is required, or the analogy of the law must be done away. 4. Mass. Rep. 474, Robbins v. Lull.   1 Johnson 129.

*Judgment of the Court.* The agreement declared upon, in this case, varies, in many respects, from a note for the payment of money ; such note can be discharged only by payment and receipt of the money by the person to whom the note is payable ; but this agreement may be discharged by the delivery of the property according to the terms of the contract. The question, in this case, is, whether the evidence offered under the general issue, was sufficient to shew a discharge of the contract ; the promissor must perform his contract, as far as is practicable ; proving that he was *able* to perform, could be no evidence of his intention to fulfil ; proving that he had made preparations to fulfil *previous* to the day, is no evidence of such intention to fulfil *on* the day.   The promissor, after a fulfilment

of his contract, is not bound to keep the property always ready, as in case of a tender of money, he must therefore make such *designation* of the article, on the day, and at the place of payment, as will *transfer the property* to the promissee, and enable him to pursue the property itself. The charge of the Judge upon the evidence was incorrect in this, "that if they found from the evidence, that the defendant had the property, i. e. the waggon, *ready*, on the day, and at the place mentioned in the note for the delivery thereof, and of the description specified, it would amount to a fulfilment of the contract on his part."

The case stated by defendant's counsel, is not analagous. In case of a *mutual* contract for the delivery of property on one part, and payment for the same on the other, the plaintiff may, by shewing a readiness to deliver the property on his part, and refusal to receive and make payment on the other, recover special damages for the breach of the contract; but, could he sue for, and receive the *value* of the goods or articles of property, which he was ready to deliver, but which were never transferred to the defendant? Such a case would be analagous, (as in this case the defendant attempts to shew the payment,) but no such case has been shewn.

New trial granted.

*Williams* for plaintiff.

*Langdon* and *Page* for defendant.